### 74955. JONES v. THE STATE.
(361 SE2d 693)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in cocaine. He appeals, enumerating error upon the denial of his motion to suppress. *Held*:

"[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689). In the case sub judice, the testimony of defendant was in conflict with that

of the arresting officer. Nevertheless, the evidence was more than sufficient to authorize the trial court's finding that the contraband seized from defendant was not seized illegally and that he consented freely and voluntarily to the search of his person and personal belongings.

The arresting officer testified that defendant was approached in the concourse (at the Atlanta airport) in a non-threatening manner and that defendant was questioned about his identity and itinerary. The officer asked (but did not demand) to see defendant's identification and plane ticket. This testimony demonstrates that defendant had no objective reason to believe he was not free to terminate the encounter and proceed on his way. *Voight v. State*, 169 Ga. App. 653, 654 (314 SE2d 487).

The arresting officer also testified that defendant voluntarily gave his consent to the search of his person and his carry-on luggage. He averred that he asked defendant if he would consent to a search of his person and personal property and that defendant responded "okay." He then inquired whether defendant desired the search to take place in the concourse or in private. Defendant expressed his preference for a privately conducted search. In a private room, defendant was read his rights regarding consent searches. He was advised that if illegal objects were found in the search, they could be used against him in court. He was also advised that he could permit or refuse a search of his person and personal property and that he could consult with an attorney before making his decision. Initially, defendant indicated that he did not understand his rights and he asked the arresting officer to read them again. The officer read defendant his rights a second time and he asked defendant if he understood them. Defendant replied, "Yeah, go ahead." A search of defendant's carry-on luggage revealed a plastic bag containing a white powdery substance (later identified as mannitol). Cocaine was found in a search of defendant's person.

The testimony of the arresting officer shows that defendant was not subjected to any duress or coercion. He freely, voluntarily and intelligently consented to the search of his person and his personal belongings. *Del Rio v. State*, 171 Ga. App. 381, 384 (3) (320 SE2d 236).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 28, 1987.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.