## 76494. SANTONE v. THE STATE.
(371 SE2d 428)

BIRDSONG, Chief Judge.

Appellant Joseph Anthony Santone was convicted of trafficking in cocaine by knowingly bringing into this state and by knowingly being in actual possession of more than 28 grams of a mixture with a purity of more than ten percent cocaine. See generally OCGA §§ 16-13-26 (1) (D); 16-13-31 (a) (1). *Held*:

1. Appellant's first enumerated error is that the trial judge erred in overruling appellant's motion to suppress.

Agent Markonni and Agent Johnson of the DEA were in the Hartsfield International Airport watching passengers deplane from commercial flights arriving from major drug source cities. Appellant was observed getting off a flight from Fort Lauderdale. He was the "very last passenger" to deplane, and was carrying only a small leather tote bag. Appellant sought directions from airline personnel regarding a connecting flight, and Agent Markonni was able to observe appellant's ticket. The appellant did not have any baggage claims checks and his ticket had been purchased for cash. The name "Santone" was on the ticket. Agent Markonni next checked the Delta Air Lines reservation computer and discovered that appellant had purchased the ticket the same day and only two hours and fourteen minutes before flighttime. Appellant had left no call-back number with the airlines. As appellant appeared to have made a "last minute decision" to fly from Fort Lauderdale to Pittsburg, Agent Markonni decided to interview him and observe how he reacted.

Agents Markonni and Johnson went to the departure gate of appellant's next flight and arrived there before the appellant. When the appellant arrived, the agents "walked up to him" and identified themselves as police officers. Neither agent displayed his firearm. Agent Markonni asked if the appellant would speak with him for a few minutes, and the appellant responded in the affirmative. Agent

Markonni then asked to see appellant's airline ticket, which the latter produced and gave to the agent. The agent verified that the ticket was a cash ticket, issued in the name of Joe Santone, and that it had no baggage claim attached thereto and bore no evidence that one had ever been thereto attached. The ticket was returned to the appellant, and the appellant was asked if he had any identification. Appellant produced an Ohio driver's license from an address book which contained no other identification cards. Agent Markonni noticed that the appellant had become "unusually nervous" and that his hand shook as he produced the driver's license. The appellant stated that he had gone to Florida to look for a job. Agent Markonni returned appellant's driver's license to him.

At this point, the appellant was informed that the agents were narcotics agents looking for drugs and asked if he would let the agents search him and his bag for drugs. Appellant hesitated and then said "yes." The agents gave appellant the option either of being searched in the departure gate area or of being searched in a private room. The appellant stated that he wanted to be searched in private. The appellant was taken to a private room. As soon as they entered the room, the appellant was read his search rights from a card that Agent Markonni carried. The appellant was specifically advised that he had the right to allow or refuse to allow a search to be made of his person and his personal property; that he had the right to consult with an attorney before deciding whether he would allow or refuse to allow the searches; and, that any illegal evidence found could be used against him in a court proceeding. Appellant stated that he understood his rights and consented to the search. A patdown of appellant revealed nothing; however, cocaine was found in the bottom of a pair of boots in appellant's tote bag. Laboratory analysis disclosed that the cocaine was 96 percent pure cocaine and that the total weight of the powder was 168 grams. After the drug was discovered, appellant was placed under arrest and was advised of his *Miranda* rights. Appellant was transported to the agent's office. During booking procedure, appellant was given a "very thorough search," and during the course of the search, he handed the agents a "little cocaine use kit" and a small vial containing cocaine. Appellant said that this latter quantity of drug was for his own personal use.

As a general rule, " 'the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous.' " *Jones v. State*, 184 Ga. App. 328 (361 SE2d 693). The record of the suppression hearing has not been forwarded for consideration by this court, so we are unable to review the evidence admitted at that hearing. In the absence of a transcript of the suppression hearing, " 'we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court.' "

*Brannon v. State*, 176 Ga. App. 781 (5) (337 SE2d 782).

Moreover, our review of the trial transcript reveals no independent basis therein for reversal of the trial judge's ruling. As in *Miller v. State*, 183 Ga. App. 55, 56 (357 SE2d 876), " '[t]he facts disclose a valid police-citizen encounter' " followed by appellant's consent to speak with the officers for a few minutes. See generally *Verhoeff v. State*, 184 Ga. App. 501 (2) (362 SE2d 85). Thereafter, appellant voluntarily remained in the officers' presence affirmatively responding to their requests to see his airplane ticket and driver's license. The appellant further consented to a search of his person and his bag, and expressly requested that he be searched in private rather than at his current location. Immediately upon entering the private room, the appellant was informed of his right to consent to or to object to the search and of his right to consult with counsel before making such an election. The accused again consented to search. The trial court found that, based on these facts, "the defendant consented to a search of his carry-on bag and that the contraband was properly seized." We accept those findings without reservation, as there exists no evidence before this court which would warrant our conclusion that the trial court's finding was "clearly erroneous." Id. In fact, the transcript of the trial shows that appellant was not subjected to any duress or coercion, and that he "freely, voluntarily and intelligently consented to the search of his person and his personal belongings." *Jones v. State*, supra at 329.

2. Appellant's second enumeration of error is that the trial court erred in refusing to charge the jury "that the lesser included offense of trafficking in cocaine is possession."

This case is distinguishable from both *Dalton v. State*, 249 Ga. 720 (292 SE2d 834) and *Waters v. State*, 177 Ga. App. 374 (339 SE2d 608), as neither of these cases involve the denial of a request for a lesser included offense instruction.

The facts of this case do not reasonably give rise to an issue regarding either the amount and quality of the cocaine confiscated or as to the type of possession, actual or constructive, exercised by the appellant. As in *Hernandez v. State*, 182 Ga. App. 797 (3) (357 SE2d 131), under the evidence presented in the case sub judice, only two verdicts were possible — guilty of trafficking in cocaine or acquittal. Even when an instruction is requested in writing, the trial court can refuse to charge on a lesser included offense when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime. Id. at 801; see *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547); *Hambrick v. State*, 174 Ga. App. 444 (2) (330 SE2d 383).

3. Appellant's third enumeration of error is that the trial judge erred in refusing to allow an expert witness for the defense to testify

as to appellant's drug addiction and treatment as it related to possession and consumption of cocaine. In the trial of cases, irrelevant matter should be excluded. OCGA § 24-2-1. "Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court." *Lewis v. State,* 158 Ga. App. 586 (1) (281 SE2d 331). We are satisfied that the trial court, under the existing circumstances, did not abuse its discretion in refusing to admit this evidence.

Moreover, we note that the trial court thereafter gave a limiting-type of instruction to the jury, which not only informed them that certain question asked of the appellant's expert witness had been ruled irrelevant and immaterial, but specifically informed them that "the [appellant] is not on trial for selling or distributing any drugs whatsoever." Subsequently, on cross-examination of appellant's expert it was revealed appellant had admitted to the expert that he was carrying almost six ounces of cocaine and that "he had a cocaine habit." Thus, assuming arguendo error occurred in refusing to admit the testimony of the expert during direct examination, we are satisfied that using the high probability test any such error was harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

4. Appellant's fourth enumeration of error is that the trial court erred "in stating in the presence of the jury its opinion as to the relevance of the testimony of the defense expert." It is well established that " '[w]here the trial judge is alleged to have made a prejudicial remark . . . during the course of the trial in violation of [OCGA § 17-8-57], an objection . . . must be made in order to preserve the issue for appeal.' " *Barber v. State,* 176 Ga. App. 103 (3) (335 SE2d 594); accord *Parrish v. State,* 182 Ga. App. 247 (3) (355 SE2d 682); *Miller v. State,* 180 Ga. App. 525 (2) (349 SE2d 495). The transcript reveals that appellant made neither a timely nor specific objection to the trial judge's comments, and did not move for mistrial. Further, remarks of a trial judge which inform the jury of the reason for the ruling excluding evidence generally constitute neither an expression of opinion nor a comment on the evidence within the meaning of OCGA § 17-8-57. *McMillan v. State,* 257 Ga. 173 (4) (356 SE2d 866); *Goode v. State,* 171 Ga. App. 901 (2) (321 SE2d 410). This enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

## On Motion for Rehearing.

Appellant asserts that this court failed to consider the record of a suppression motion hearing allegedly filed with this court on March 1, 1988. In fact, the record in question was not filed with the clerk of the court below until March 2, 1988, and was not filed with this court until June 29, 1988. In the interest of fairness, however, we will grant

appellant's motion for rehearing.

We have carefully considered all evidence of record pertaining to this case currently in the possession of and duly filed with this court to include the suppression motion hearing in question.

We find no merit in any of appellant's enumerations of error.

DECIDED JUNE 22, 1988 —
REHEARING DENIED JULY 11, 1988.

*Guy J. Notte*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.