A94A1088. EVANS et al. v. STATE OF GEORGIA.
(449 SE2d 302)

BLACKBURN, Judge.

Appellants, Sara Augusta Evans and James Danny Gaddis, appeal the forfeiture judgment rendered against them and in favor of the State. After a bench trial, the trial court determined that appellants' property was used to facilitate a violation of the Georgia Controlled Substances Act (GCSA) in the manufacture and growing of marijuana. The trial court condemned approximately 5.1 acres to the State. On appeal, appellants assert the searches made of their house and yard were illegal and that the forfeiture of their property consti-

tutes cruel and unusual punishment.

1. In their first enumeration of error, appellants contend the trial court erred in determining that the property on which the marijuana was located was outside the curtilage of the house. Appellants argue that they had a reasonable expectation of privacy in that portion of their property which was their backyard and the officers' warrantless search of their property was illegal.

A helicopter pilot with the Governor's Task Force on Marijuana Identification and Eradication sighted marijuana on appellants' property near the river. A ground team, consisting of two marked vehicles and several law enforcement personnel, was notified of the location of the marijuana. As the ground team approached appellants' house, Gaddis saw their approach and started running through the woods toward the river. Sergeant Doyle with the Cherokee County Sheriff's Department, testified he was concerned that Gaddis would destroy evidence or jeopardize the ground team's safety. When Sergeant Doyle caught Gaddis, Gaddis was pulling marijuana plants from the ground with both hands.

Pretermitting the issue of whether the marijuana was located within the curtilage of appellants' residence, we find that the officers were justified in their seizure of the marijuana. The officers needed no warrant to approach the appellants' house to make investigative inquiries. *Gilreath v. State*, 247 Ga. 814, 819-821 (279 SE2d 650) (1981). Thereafter, Gaddis' flight toward the location of the marijuana created sufficient exigent circumstances to justify the officers' concern regarding potential destruction of evidence. "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search." (Citation and punctuation omitted.) *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 198) (1989).

2. In their second enumeration of error, appellants contend that the search of their house was unlawful. Appellants first argue that the search of the house was illegal as it was based on the officers' prior unlawful search of their yard. This contention is without merit as we determined in Division 1 that the officers' search of the yard was valid. Appellants next argue that Evans' consent to search the house was obtained improperly. However, this objection was not raised with the trial court, and we are presented with nothing to review. See *Porado v. State*, 211 Ga. App. 728 (3) (440 SE2d 690) (1994).

3. The trial court determined the appellants' property was used to facilitate a violation of the GCSA in the manufacturing of marijuana. Therefore, pursuant to OCGA § 16-13-49 (d) (3), the trial court condemned appellants' property to the State. Appellants enu-

merate as error the trial court's ruling, and assert the forfeiture of the entire property on the basis of the discovery of 8.8 ounces of marijuana was cruel and unusual punishment and an excessive fine outlawed by the Eighth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVII of the Georgia Constitution. This issue has not been addressed previously by a Georgia court.

Article I, Section I, Paragraph XVII of the Georgia Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison." Appellants' argument regarding cruel and unusual punishment is without merit. The cruel and unusual punishment provisions of the Georgia Constitution relate to punishment imposed upon conviction of a criminal offense. *Hill v. State*, 119 Ga. App. 612 (3) (168 SE2d 327) (1969). The present action is a civil forfeiture action rather than a criminal action.

The prohibition against excessive fines provision of the Georgia Constitution has been applied to punitive damages assessed in civil proceedings. See *Colonial Pipeline Co. v. Brown*, 258 Ga. 115 (3) (d) (365 SE2d 827) (1988). In *Colonial Pipeline*, the Georgia Supreme Court determined that the relevant inquiry in determining if the excessive fines clause is applicable in a certain situation is whether "the purpose of the deprivation is among those ordinarily associated with punishment, such as retribution, rehabilitation, or deterrence." (Citation and punctuation omitted.) Id. at 120, quoting *Ingraham v. Wright*, 430 U. S. 651 (97 SC 1401, 51 LE2d 711) (1977).

We recognize that the State's interest in forfeiture proceedings has been described as the prevention of further misuse of the property by the guilty party. *State of Ga. v. Sewell*, 155 Ga. App. 734, 735 (2) (272 SE2d 514) (1980); *Hallman v. State of Ga.*, 141 Ga. App. 527 (2) (233 SE2d 839) (1977). Pretermitting whether this previously recognized interest can be considered some form of punishment, we recognize that without excluding the statute's remedial purpose, it also serves, at least in part, as punishment. See *Austin v. United States*, 509 U. S. ____ (113 SC 2801, 125 LE2d 488, 503) (1993) (interpreting the application of the Eighth Amendment of the United States Constitution to the federal forfeiture statute, 21 USC § 881).[1] The statute's provision expressly excluding innocent owners from its application supports this position. Compare OCGA § 16-13-49 (e) with 21 USC § 881 (a) (4) and (a) (7). (Both the United States and Georgia forfeiture statutes provide an innocent owner defense.) "If forfeiture

---

[1] The differences between OCGA § 16-13-49 and 21 USC § 881 argued by the State and recognized by this court in *State of Ga. v. Wilbanks*, 208 Ga. App. 422 (1) (430 SE2d 66) (1993), do not implicate our present inquiry.

had been understood not to punish the owner, there would have been no reason to reserve the case of a truly innocent owner." *Austin*, supra, 125 LE2d at 502.

In *Austin*, supra, the Supreme Court declined to establish guidelines for determining whether a forfeiture is unconstitutional as excessive. 125 LE2d at 506. However, in Justice Scalia's special concurrence he suggested that the inquiry focus on "determining what property has been 'tainted' by unlawful use" rather than the value of forfeited property. Id. at 509. Justice Scalia noted that "[s]cales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal." Id.

OCGA § 16-13-49 (d) (3) provides that all property used directly or indirectly in any manner to facilitate a violation of the GCSA punishable by imprisonment for more than one year is declared to be contraband in which no person has property rights. The provision of the statute requiring that all such property be forfeited further supports our adoption of Justice Scalia's analysis. Upon the trial court's factual determination that the property was used directly or indirectly to facilitate a GCSA violation, such property would be subject to forfeiture regardless of its value. "The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense." *Austin*, supra at 509 (Scalia, J. concurring). See also *United States v. One Parcel Property &c. Missouri*, 831 FSupp. 736 (E.D. Mo. 1993).

In the present case, twenty-four marijuana plants were found growing on the land surrounding the house and ten plants were found growing in the house. Although the marijuana plants seized were small, totaling only 8.8 ounces, an expert in growing marijuana testified each plant was capable of producing 2.4 pounds of marijuana. However, the expert noted that in Georgia a conservative estimation of one pound per plant is normally used. The expert identified the variety of the marijuana confiscated as sinsemilla which can cost up to $3,000 per pound.

Under the facts of this case, we find that the forfeiture of the subject property did not violate the excessive fines provision of the Georgia Constitution or the United States Constitution.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 17, 1994 —
RECONSIDERATION DENIED OCTOBER 18, 1994 —

*Garland, Samuel & Loeb, Donald F. Samuel*, for appellants.
*Garry T. Moss, District Attorney, Margaret E. Daly, Assistant*

*District Attorney, Gary D. Bergman, Thomas W. Hayes,* for appellee.