A94A0375. THORP et al. v. STATE OF GEORGIA.
(457 SE2d 234)

BIRDSONG, Presiding Judge.

Brenda Thorp appeals from the order of the superior court granting the State of Georgia forfeiture of her 1988 Isuzu Trooper motor vehicle and enumerates as error the allowing of an officer to give his opinion as to the weight and amount of cocaine and, based upon the evidence, levy an excessive fine under the Eighth Amendment.

This court certified certain issues pertaining to appellant's second enumeration of error to the Georgia Supreme Court which addressed only certain of the certified issues in *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416). *Held*:

1. The trial court did not commit reversible error in allowing the police officer to give opinion evidence as to the weight and amount of cocaine seized. (Appellant previously had pled guilty to the criminal offense of possession of cocaine; at the forfeiture hearing the trial court characterized appellant's plea as being an admission of guilt — in solemn judicio — to possession of cocaine with intent to distribute.)

At the forfeiture trial, the officer testified, without objection, that he had discovered scales for weighing cocaine and suspected powder cocaine and that "at that time I suspected [the powder] to be 105 grams of cocaine." On cross-examination, the officer testified that

there were two separate bags of white powder and that he weighed the substances together. The officer also testified that even if the larger bag contained only a cutting agent (which it appears to have), the smaller bag contained at least 20 grams of a mixture containing cocaine. Appellant perforce admitted cocaine possession by entering a plea of guilty to the crime of possession of cocaine. Moreover, appellant admits in judicio in her appellate brief the fact that the true amount of cocaine possessed was 7.1 grams. *State v. Griffin*, 204 Ga. App. 459 (419 SE2d 528) and cases cited therein; *Bonilla v. State*, 204 Ga. App. 424 (1) (419 SE2d 495); *Weir v. McGill*, 203 Ga. App. 431, 432 (3) (417 SE2d 57). In addition, this court granted appellant's motion to supplement the record with the laboratory report confirming that, although the one zip-lock bag containing white powder tested negative for common drugs of abuse, the other plastic bag of white powder (seized from appellant and transported in her automobile) tested positive for cocaine and had a net weight of the total sample of 7.1 grams, as admitted by appellant.

In any case, by failing to object timely to the admission of the testimony of the officer regarding the weight of the suspected cocaine substance, appellant waived that issue for consideration on appeal. *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691); *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395).

2. Appellant's second enumeration asserts that the trial court erred in its determination that the forfeiture imposed was not an excessive fine under the Eighth Amendment of the United States Constitution. At the time the trial court issued its ruling, this State had no precedent regarding whether the Eighth Amendment constraints applied to our statutory drug forfeiture provisions, or what factors must be considered in the resolution of such an Eighth Amendment issue. Subsequently, the Supreme Court of Georgia in response to certain issues certified by this court issued authoritative guidance (Art. VI, Sec. V, Par. IV, Ga. Const. of 1983) in *Thorp v. State*, supra. In *Thorp*, the Supreme Court declined to adopt Justice Scalia's single-factor instrumentality test as the sole test for determining whether a forfeiture was excessive and adopted minimum guidelines for excessiveness inquiries employing a three-factor proportionality analysis. Proper application of these factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous. Cf. *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). In this instance, the trial court has not had the opportunity to render those factual determinations relevant to a meaningful application of the three-factor proportionality analysis.

To protect and effectuate any appellate disposition of appellant's claim, in aid of our jurisdiction (Art. VI, Sec. I, Par. IV, Ga. Const.

of 1983) and in the interest of fundamental fairness to all parties here concerned, we remand this case for further proceedings to the trial court with direction that a post-trial hearing be held and that the Eighth Amendment issue be analyzed in light of *Thorp*, supra. The judgment of the trial court is hereby vacated; upon remand the trial court is authorized to conduct such additional factfinding as deemed necessary in the interests of the discovery of truth (OCGA § 24-1-2) and to protect its judgment (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983, supra). OCGA § 15-1-3 (6), (7); cf. *Hammond v. State*, 260 Ga. 591, 599-600 (398 SE2d 168); *Hicks v. State*, 255 Ga. 503 (340 SE2d 604) (remand for further proceedings); *Moore v. State*, 187 Ga. App. 387, 392-393 (370 SE2d 511). Within a reasonable time thereafter, the trial court shall issue a new order; either party shall be entitled to appeal from this decision within 30 days of its entry. Art. VI, Sec. I, Par. IV, Ga. Const. of 1983.

*Judgment vacated and remanded for further proceedings. Johnson and Smith, JJ., concur.*

DECIDED APRIL 12, 1995 — 

*Cory G. Begner*, for appellants.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Vivian D. Hoard, Assistant District Attorneys*, for appellee.