A94A1088. EVANS et al. v. STATE OF GEORGIA.
(458 SE2d 859)

BLACKBURN, Judge.

Appellants, Sara Augusta Evans and James Danny Gaddis, appeal the forfeiture judgment rendered against them and in favor of the State. After a bench trial, the trial court determined that appellants' property was used to facilitate a violation of the Georgia Controlled Substances Act in the manufacture and growing of marijuana, and condemned approximately 5.1 acres of land owned by appellants which included their house. Appellants appealed the trial court's ruling and asserted, among other things, that the forfeiture of the entire property on the basis of the discovery of 8.8 ounces of marijuana was cruel and unusual punishment and an excessive fine outlawed by the Eighth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVII of the Georgia Constitution. In *Evans v. State of Ga.*, 214 Ga. App. 844 (449 SE2d 302) (1994), this court affirmed the for-

feiture judgment rendered against appellants. Thereafter, by order dated February 9, 1995, the Supreme Court of Georgia granted appellants' petition for certiorari and remanded the case to this court for consideration in light of the Supreme Court's decision in *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), decided after our original opinion in this matter.

In *Thorp*, the Supreme Court adopted the three-factor analysis found in *United States v. Real Property &c. 6625 Zumirez Drive*, 845 FSupp. 725 (C.D. Cal. 1994), for evaluating whether a civil in rem forfeiture is constitutionally excessive. *Thorp*, 264 Ga. at 717. This test first requires "consideration of the inherent gravity of the offense compared with the harshness of the penalty." Id. "Under this factor, in evaluating the harshness of the penalty imposed, the court must not only consider the monetary value of the property forfeited, but also the intangible value of the particular type of property involved. For example, society and the courts place a higher value on real property, in particular the home, than on personal property. In a recent forfeiture decision, the Supreme Court [of the United States] affirmed the essential principle that individual freedom finds tangible expression in property rights. At stake in this and many other forfeiture cases are the security and privacy of the home and those who take shelter within it." (Citations and punctuation omitted.) Id. The second factor of the *Thorp* test requires an evaluation as to "whether the property was close enough to the offense to render it 'guilty.' " Id.[1] "The third part of the analysis is 'whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use.' [Cit.]" Id.

"Proper application of these factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous. Cf. *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428)." *Thorp v. State of Ga.*, 217 Ga. App. 275, 276 (457 SE2d 234) (1995). In the present case, the trial court must be afforded the opportunity to make its factual determinations and apply the analysis of the Supreme Court in *Thorp*, 264 Ga. 712.

Therefore, as in *Thorp*, 217 Ga. App. 275, we must remand this case for further proceedings in the trial court. The trial court is directed to hold a post-trial hearing for the determination of the Eighth Amendment issue herein presented. Either party shall be entitled to appeal the trial court's new order within 30 days of its entry. See Art. VI, Sec. I, Par. IV, Ga. Const. of 1983.

---

[1] This factor is the same as Justice Scalia's instrumentality test contained in his special concurrence in *Austin v. United States*, 509 U. S. ___ (113 SC 2801, 125 LE2d 488, 506) (1993), and discussed in our original opinion. See *Evans*, supra at 847.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 21, 1995.

*Garland, Samuel & Loeb, Donald F. Samuel,* for appellants.
*Garry T. Moss, District Attorney, Margaret E. Daly, Assistant District Attorney, Gary D. Bergman, Thomas W. Hayes,* for appellee.