### A97A2301. MAYES v. STATE OF GEORGIA.
(495 SE2d 640)

POPE, Presiding Judge.

Eddie Mayes appeals the judgment in this civil forfeiture action under Georgia's gambling forfeiture statute, OCGA § 16-12-32. Based on the following facts, we vacate the judgment and remand the case with direction.

On January 9, 1997, Investigator W. L. Jones of the Atlanta Police Department received information that illegal gambling was taking place at Mayes' business, the Rib Shack. Accordingly, that day Jones went to the Rib Shack and saw several people he knew as gamblers enter and leave the building. Jones saw neither food sales nor food preparation, but he did observe illegal gambling activity. Jones saw people give slips of paper or quote numbers to someone who, in

exchange, took cash. Then Willie Stroud, who was standing at the back of the establishment behind a partition in which there was an opening, would take the lottery slips and cash, band them, and place them aside. After Stroud collected a certain amount of money and betting slips, he would pass the bundle through a hole in the wall. Stroud repeated the process several times.

After observing this activity, Jones got a search warrant from a magistrate. The next day, on January 10, Jones entered the Rib Shack to execute the warrant and saw the same betting activity that he had seen the previous day. Jones also saw a fax machine which was receiving betting instructions and saw Stroud removing lottery numbers from it and putting them with money into the hole in the wall. The officers seized the fax machine, various firearms and money which was in Stroud's immediate vicinity. The officers then found more money in the back room behind the wall. Some currency was in a desk drawer, and $15,961, which was wrapped in bundles with illegal betting slips, was found in a paper bag under another desk. Mayes and several other people were arrested and a total of $22,750 was seized.[1]

Mayes appeared in municipal court on January 28, 1997, and pled nolo contendere to disorderly conduct and conducting a numbers game. The court ordered the release of Mayes' $15,961.

On February 14, 1997, the State filed a Complaint for Forfeiture, alleging that the property which had previously been seized — more than $17,000, a fax machine, and three firearms — was contraband and subject to forfeiture under OCGA § 16-12-32. On April 14, 1997, Mayes filed an answer to the complaint. Willie Stroud filed an answer to the complaint on May 21, 1997.

A bench trial was held on May 6, 1997, at which the evidence above was presented. Mayes testified that he took $16,000 to work on his arrest date to pay off legitimate lottery customers.

On May 21, 1997, the court entered an order of forfeiture, finding that the State had proved by a preponderance of evidence that an illegal gambling operation was being conducted at Mayes' business; that the defendant currency was intended to pay off illegal bets or was the proceeds of illegal betting; and that all of the defendant property was contraband as defined by OCGA § 16-12-32 (b).

1. In his first enumeration of error, Mayes claims that the trial court erred in denying his motion to suppress because the warrant was not supported by probable cause. Mayes argues that because the

---

[1] In a supplemental brief, Mayes seeks to supplement the record here with information from the DeKalb County State Court actions against eight of the persons who were arrested and charged with possessing an illegal lottery ticket with the intent to bet. Because those actions are not relevant to our resolution here, we have not reviewed those additional files.

magistrate did not know the status of the tipster he could not assess the informant's reliability, and that the information provided to the magistrate did not indicate that illegal activity was occurring at the restaurant.

Mayes' arguments are without merit. "[F]indings of fact and of credibility in a motion to suppress hearing are for the trial court and should not be set aside unless clearly erroneous." (Citation omitted.) *Carter v. State*, 192 Ga. App. 726, 727 (3) (386 SE2d 389) (1989). "The question presented is whether, taking a common sense approach, the information presented to the issuing magistrate showed a reasonable probability that contraband would be found in the place to be searched." *Perkins v. State*, 220 Ga. App. 524 (1) (469 SE2d 796) (1996).

Here, the issuance of the warrant did not depend on the informant's reliability, and the facts presented to the magistrate sufficiently demonstrated probable cause. To the extent that Mayes' arguments exceed the scope of his enumeration of error, we will not consider them. See generally *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (a) (275 SE2d 142) (1980).

2. In his next three enumerations Mayes claims that the court erred in ordering the forfeiture of the $17,829; in ruling that the State had shown by a preponderance of the evidence that the property seized was subject to forfeiture; and in failing to apply the proportionality test of *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994).

OCGA § 16-12-32 (b) states that "[a]ll property used in, intended for use in, used to facilitate, or derived from or realized through a violation of this article or which is located within any gambling place . . . is declared to be contraband and may be seized and forfeited. . . ." Here, the evidence was sufficient to enable the trial court to find that the property seized was contraband and that the State met its burden of proof by a preponderance of the evidence. See generally *Griffin v. State of Ga.*, 211 Ga. App. 750 (2) (440 SE2d 483) (1994). The court properly ordered the forfeiture.

Next, we turn to Mayes' arguments regarding *Thorp*.[2] "In *Thorp v. State of Ga.*, 264 Ga. 712[, supra], the Supreme Court adopted a three-factor analysis as a minimum guideline for determining whether an in rem forfeiture is constitutionally excessive. Accordingly, in determining whether forfeiture of the property was constitutionally permissible, the trial court was required to apply the following factors in light of all the facts of the case: (1) whether the

---

[2] Contrary to the State's arguments, we conclude that Mayes sufficiently preserved this argument for review.

harshness of the penalty imposed by forfeiture of the property is proportional to the gravity of the offense giving rise to the forfeiture; (2) whether the property had a close enough relationship with the offense to render it 'guilty'; and (3) whether the criminal activity involving use of the property was extensive in terms of the period of time the property was used and/or the spatial use of the property. Id. at 717-718." *Shook v. State of Ga.*, 221 Ga. App. 151, 152 (470 SE2d 535) (1996).

Although *Thorp* involved a drug forfeiture under OCGA § 16-13-49, the case set forth appropriate guidelines to consider in the context of this civil in rem forfeiture action under OCGA § 16-12-32. See generally *Hall v. State of Ga.*, 226 Ga. App. 486 (486 SE2d 710) (1997). As in the context of forfeiture actions in drug cases, an evaluation of the three general factors set forth above well serves the scrutiny demanded by the Excessive Fines Clause, and these are the minimal guidelines for excessiveness inquiries. *Thorp v. State of Ga.*, 264 Ga. at 718.

"Proper application of these factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous." *Thorp v. State of Ga.*, 217 Ga. App. 275, 276 (2) (457 SE2d 234) (1995). Because this is a case of first impression, the trial court did not explicitly refer to the three-factor proportionality analysis of *Thorp*. In *Thorp v. State of Ga.*, 217 Ga. App. 275; *Evans v. State of Ga.*, 217 Ga. App. 646 (458 SE2d 859) (1995); and *Rabern v. State of Ga.*, 221 Ga. App. 874, 878 (4) (473 SE2d 547) (1996), when the trial court did not have the opportunity to render its factual determinations in light of our Supreme Court's decision in *Thorp*, we remanded the cases to give the trial court an opportunity to apply the *Thorp* analysis.

In this case, the trial court's order, while detailed, did not address one of the prongs of the *Thorp* analysis. Specifically, the court failed to address whether the harshness of the penalty imposed by the forfeiture of the property was proportional to the gravity of the offense giving rise to the forfeiture. Thus, while the court's order was detailed and well-reasoned, as in *Thorp v. State of Ga.*, 217 Ga. App. 275; *Evans v. State of Ga.*, 217 Ga. App. 646; and *Rabern v. State of Ga.*, 221 Ga. App. 874, "we must remand this case for further proceedings in the trial court. The trial court is directed to hold a post-trial hearing for the determination of the Eighth Amendment issue herein presented. Either party shall be entitled to appeal the trial court's new order within 30 days of its entry. See Art. VI, Sec. I, Par. IV, Ga. Const. of 1983." *Evans v. State of Ga.*, 217 Ga. App. at 647.

*Judgment vacated and case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1998.

*Dwight L. Thomas, Caprice R. Jenerson*, for appellant.
*J. Tom Morgan, District Attorney, Stephen D. Sencer, Assistant District Attorney*, for appellee.