WOMACK, by next friend, *v.* UNITED STATES FIDELITY & GUARANTY CO. *et al.*

DUCKWORTH, Chief Justice. The only questions presented to the Court of Appeals for decision are exceptions to the following: (1) the judgment overruling the claimant's demurrer to the insurer's amendment to its appeal, wherein it is alleged that the decision appealed from was procured by fraud; and (2) the judgment holding that, since the claimant's evidence as to notice shows that a letter was properly addressed and was stamped, which does not show that it was duly stamped as required by the postal authorities, the court is not satisfied with proof of notice and the case is reversed and recommitted for further consideration as to any notice given as required by law.

The series of questions, some of which are purely hypothetical and without factual support in the record, comprehends every question presented for decision by the court of Appeals. We have repeatedly and we think plainly said that the Supreme Court will decline to answer such questions. For this court to answer all questions necessary to a decision is for us to decide the case which is, by the Constitution, made the duty of the Court of Appeals. See *Gunby* v. *Roberts,* 205 *Ga.* 346 (53 S. E. 2d, 370), and authorities there cited. We therefore must respectfully decline to answer the questions certified.

*Questions not answered. All the Justices concur.*

No. 17742. ARGUED JANUARY 16, 1952—DECIDED FEBRUARY 11, 1952.

718

*Lewis & Rozier* and *Randall Evans Jr.*, for plaintiff.

*Julian J. Willingham* and *John F. Hardin*, for defendants.

The Court of Appeals (in case No. 33829) certified to this court the following questions:

"1. (a) Is testimony on behalf of the claimant in a workmen's compensation case to the effect that a claim for compensation was interposed on behalf of the claimant by writing a letter within the period of the statute of limitations, which letter contains all facts necessary to constitute a claim under Code § 114-305, and which was properly addressed, properly stamped and mailed to the State Board of Workmen's Compensation, sufficient to support a finding of fact that the claim was filed, notwithstanding evidence to the effect that none of the personnel of the board recalls ever having seen such letter and evidence that it cannot be found in department of workmen's compensation? *Ayers* v. *Aetna Casualty & Surety Co.*, 71 *Ga. App.* 327.

"(b) If the answer to 1 (a) is in the affirmative, may this fact be established where the evidence is sufficient to authorize the board to find that such letter was, within the period of the statute of limitations, and during the month of June, 1948, addressed to 'The Industrial Board, State Capitol Building, Atlanta, Georgia,' the evidence also showing that the letter was 'stamped' (but is silent as to the amount of postage) and mailed? Ga. L. 1943, pp. 166-168 [167-170]; *Sinclair Refining Co.* v. *Giddens*, 54 *Ga. App.* 69 (5).

"2. (a) May the superior court in the exercise of its appellate jurisdiction in a workmen's compensation case entertain a motion charging fraud in the procurement of the award alleged to have been discovered after the appeal was made, where fraud was not one of the grounds of appeal in the first instance? Code, § 114-710 (2); *Liberty Mutual Insurance Co.* v. *Ragan*, 191 *Ga.* 811; *Hartford Accident & Indemnity Co.* v. *Cox*, 191 *Ga.* 143.

"(b) If the answer to (2-a) hereof is in the affirmative, may such a motion be filed and entertained after the time for appeal has expired, although an appeal on other grounds is pending?

"(c) If the answers to (2-a) and (2-b) hereof are in the affirmative, may the superior court, in the exercise of its appellate jurisdiction, hear new evidence in support of such a motion?

"3. Where, in a workmen's compensation case on appeal to the

superior court, the evidence is sufficient to support the finding of the Board of Workmen's Compensation, may the superior court remand the case to the board for the taking of additional testimony?"