**STATE of Missouri, Respondent,**

v.

**Robert William MEISTER, Appellant.**

**No. WD 46796.**

Missouri Court of Appeals,
Western District.

Nov. 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1993.

486

Dan Viets, Columbia, for appellant.

Kelly A. Halford, Asst. Pros. Atty., Lafayette County, Lexington, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

ULRICH, Presiding Judge.

■ Robert Meister appeals the trial court's order forfeiting $9,593.22 pursuant to section 195.140.2(2) RSMo (1986). The money was found by a law enforcement officer in close proximity to a controlled substance. Section 195.140.2(2) creates a rebuttable presumption that money will be forfeited if found in close proximity to forfeitable controlled substances, drug paraphernalia, or imitation controlled substances. Mr. Meister claims that the trial court erred in entering

the order of forfeiture because the evidence presented was sufficient to rebut the presumption and prove that he earned the money selling tee shirts, patches and books at concerts. Mr. Meister also contends that the forfeiture is an excessive fine prohibited by the Eighth Amendment.

The trial court's forfeiture order is affirmed.

### FACTS

Robert Meister was a passenger in a van stopped for speeding on July 3, 1992. The Highway Patrol officer found marijuana in the driver's pocket. The driver and Mr. Meister informed the officer that the van belonged to Mr. Meister.[1] Mr. Meister gave permission for the van to be searched. The officer found additional marijuana in a waist pouch. Mr. Meister said that the pouch was his, and he was then arrested.

After his arrest, Mr. Meister stated to the officer that he was concerned with a large amount of money he had concealed inside the van. Mr. Meister showed the officer the locations of the money. The money was folded in one hundred dollar packets which were wrapped in one thousand dollar bundles. The total amount of money seized was $9,593.22.

The police inventory of the van revealed a "volleyball" size bag of a substance resembling marijuana; numerous books about marijuana growing, cultivating, and use; numerous patches depicting marijuana leaves; a box containing 147 small wooden pipes; several bags containing a substance labeled "herbal bliss," that included small amounts of marijuana with other substances; several plastic bags; and a "cannabis sativa (sic) hemp sample kit."

Mr. Meister testified at trial that he traveled around the country selling patches, tee shirts and books on a cash basis. Mr. Meister claimed that the currency found in the van was the proceeds of these sales and that the currency was unrelated to the marijuana also found in the van. He produced invoices showing he had purchased patches, tee shirts, and stickers. He also produced cata-

---

1. The van was owned and titled to someone else but was in Mr. Meister's care and custody.

logs displaying items which he claimed to have purchased for resale. The invoices produced at trial were dated from December 10, 1989 to August 10, 1992.

On cross-examination Mr. Meister refused to provide tax information for the prior year or give an approximation of his gross earnings during the first six months of 1992. Mr. Meister claimed to have earned $20,000 to $25,000 during 1991. He stated that the currency in question was the proceeds of legitimate sales from the prior five to six weeks.

## STANDARD OF REVIEW

■■■ The standard of review is established law. On appellate review, the trial court's judgment will be sustained unless no substantial evidence supports the trial court's decision, the court's judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). As the jurisdiction of this forfeiture matter lies within the civil court system, this court will view the evidence in the light most favorable to the verdict and give the prevailing party the benefit of all reasonable inferences. *McPherson v. David*, 805 S.W.2d 260, 263 (Mo.App.1991). The credibility of witnesses and the weight of their testimony are within the dominion of the trial court and are not subject to review on appeal. *State v. Webster*, 754 S.W.2d 12, 13 (Mo.App.1988).

## POINT I

Mr. Meister contends the evidence presented at trial was sufficient to rebut the statutory presumption that the currency located within the van in close proximity to the contraband marijuana was acquired from an illegitimate source.

■■■ Section 195.140.2(2) is the applicable statute granting the state forfeiture authority. The statute states:

(2) Any moneys, coin, or currency found in close proximity to forfeitable controlled substances, imitation controlled sub-

stances, or drug paraphernalia, or forfeitable records of the importation, manufacture, or distribution of controlled substances, imitation controlled substances or drug paraphernalia are presumed to be forfeitable under this subsection. The burden of proof shall be upon claimants of the property to rebut this presumption.

Section 195.140.2(2) legislatively presumes that currency is forfeitable if found in close proximity to forfeitable controlled substances, imitation controlled substances or drug paraphernalia. The statute places the burden of proof on Mr. Meister to rebut this presumption.

■■■ The trial court viewed the witnesses and weighed their testimonies. Sufficient evidence was presented to establish the statutory presumption, and the evidence presented by Mr. Meister was not so compelling that a trial court could not have decided that the presumption was not rebutted. Mr. Meister did not satisfy his burden of proof to rebut the statutory presumption, and the trial court correctly applied the statute. Mr. Meister's point one is denied.

## POINT II

Mr. Meister raises as point two the issue of whether the forfeiture of the money seized constitutes an excessive fine under the Eighth Amendment.[2] Whether the Eighth Amendment's Excessive Fines Clause applies to the states through the Fourteenth Amendment remains undetermined. The Supreme Court has not decided the issue. *Browning Ferris Industries v. Kelco Disposal, Inc.*, 492 U.S. 257, 276 n. 22, 109 S.Ct. 2909, 2921 n. 22, 106 L.Ed.2d 219 (1989); *contra, Browning Ferris, supra*, at 284, 109 S.Ct. at 2925 (O'Connor, J. Concurring in part, dissenting in part).

Mr. Meister claims *Austin v. United States*, — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), applies to this case. The United States Supreme Court in *Austin*, held that forfeiture paid to a "sovereign as punishment for some offense" is subject to the

---

**2.** This issue was first raised in Mr. Meister's reply brief and is untimely. The issue is considered *ex gratia*.

limitations of the Eighth Amendment's Excessive Fines Clause. In *Austin*, the Supreme Court remanded the case to the lower courts to determine whether the forfeiture was constitutionally "excessive." *Id.* — U.S. at ——, 113 S.Ct. at 2803. Mr. Meister believes that comparing approximately 10 grams of confiscated marijuana to the forfeiture of $9,593.22 compels the conclusion that the forfeiture in this case was an excessive fine in violation of the Eighth Amendment.

In *Austin*, Mr. Austin's auto body shop and mobile home were forfeited pursuant to federal forfeiture statutes. Mr. Austin had been identified to police as a drug dealer. The information indicated that he sold cocaine from his auto body shop. An undercover officer went into the auto body shop to purchase cocaine from Mr. Austin. Mr. Austin went into his nearby mobile home to get the requested cocaine, reentered his auto body shop, and sold two grams of cocaine to the officer. Mr. Austin was arrested, and subsequent searches of the mobile home and the auto body shop disclosed small quantities of cocaine, marijuana, and drug paraphernalia. After Mr. Austin's state criminal conviction, the federal government commenced forfeiture proceedings against the auto body shop and mobile home under 21 U.S.C. §§ 881(a)(4) and (a)(7).

▮ The Supreme Court stated in *Austin* that even if the forfeiture proceeding was a civil matter, if the forfeiture is classified as punishment, the Eighth Amendment's Excessive Fines Clause applies. *Austin, supra,* — U.S. at ——, 113 S.Ct. at 2806. The court held that forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7) constitutes punishment for an offense and, therefore, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. *Austin,* — U.S. at ——, 113 S.Ct. at 2812. The Court refused to establish a test for determining whether a forfeiture is constitutionally excessive. *Id.* Justice Scalia, in concurrence, suggests that *in rem* forfeitures should be analyzed differently than monetary fines or *in personam* forfeitures. *Austin,* — U.S. at ——, 113 S.Ct. at 2814–15 (Scalia, J. concurring). Justice Scalia cites *Alexander v. United States,* — U.S. ——, 113 S.Ct.

2766, 125 L.Ed.2d 441 (1993), as an example of an *in personam* forfeiture. *Id.,* — U.S. at ——, 113 S.Ct. at 2815. *In rem* forfeitures are "confiscations of property rights based on improper use of the property, regardless of whether the owner has violated the law." *Austin,* — U.S. at ——, 113 S.Ct. at 2813. *In personam* forfeitures are "assessments, whether monetary or inkind, to punish the property owner's criminal conduct." *Id.* Regardless of the type, Justice Scalia states that if the purpose is punitive as opposed to compensatory, punishment is being imposed. *Id.,* — U.S. at ——, 113 S.Ct. at 2813–14.

Justice Scalia states that the question should not be *"how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense." *Id.,* — U.S. at ——, 113 S.Ct. at 2815. "The relevant inquiry for an excessive forfeiture under § 881 is the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, 'guilty' and hence forfeitable?" *Id.*

The Fourth Circuit, in a post-*Austin* decision, made this observation:

Whether a similar inquiry into the proportionality of forfeitures of the proceeds of illegal activity is necessary is less clear. Both Justice Scalia's concurrence, [—— U.S. at ——, 113 S.Ct. at 2814–15,] 61 U.S.L.W. at 4818, and a portion of the majority's opinion, [—— U.S. at —— n. 15, 113 S.Ct. at 2812 n. 15,] 61 U.S.L.W. at 4816–17 n. 15, suggest that a close enough connection between the property sought to be forfeited and the criminal activity might support a forfeiture regardless of proportionality. It is arguable that there is little justification for the position that one who successfully parlays his tainted dollar into a fortune should be permitted to enjoy a windfall—a result which a strict focus upon proportionality might bring about in a given case with regard to the proceeds of crime.

*United States v. Borromeo,* 1 F.3d 219, 221 (4th Cir.1993).

The subsection preceding Missouri's section 195.140.2(2), relates to proceeds of con-

trolled substance exchanges or property that was intended to be used in exchange for controlled substances.[3] Such proceeds or property are forfeitable. These proceeds must be traceable to the exchange for controlled substance or there must be proof that the property was received in exchange for controlled substances or was intended to be exchanged for controlled substances. Section 195.140.2(1) RSMo (1986).

Currency and coin are very difficult to trace. Subsection 2 creates the presumption that money found in close proximity to a controlled substance was acquired as enunciated in section 195.140.2(1) and is forfeited. The burden to prove that the currency and coin found in close proximity to a controlled substance were not received in exchange for, nor were intended to be used to obtain, controlled substance is shifted to the person claiming the money. Section 195.140.2(2) RSMo (1986).

■ If the presumption is not rebutted, the analysis for the application of the Excessive Fines Clause is the same as for property or assets obtained as a result of the exchange of controlled substances or paraphernalia. The Fourth Circuit's observations in *Borromeo* appear sound. A forfeiture, examined under the Excessive Fines Clause, is not excessive, irrespective of proportionality, if the money or property forfeited is fruit of the illegal exchange. Under Justice Scalia's analysis, the forfeiture would not be excessive if the property itself is "guilty." *See Austin, supra,* ⸺ U.S. at ⸺, 113 S.Ct. at 2815 (Scalia, J. concurring).

Neither *Austin*[4] nor *Alexander*[5] involved forfeiture of the proceeds of illegal activity. Both forfeitures were of property. In *Aus-*

*tin,* the auto body shop and the mobile home used to facilitate the illegal distribution of contraband drugs were forfeited, and in *Alexander,* the defendant's entire business used in furtherance of the criminal conduct was forfeited pursuant to the RICO statute, 18 U.S.C. § 1963.[6] *Austin* and *Alexander* do not support Mr. Meister's contention.

■ Assuming *arguendo* that the Eighth Amendment's Excessive Fines Clause applies to the states, money found in close proximity to a controlled substance, is reasonably presumed to be the proceeds of the sale of contraband drugs and pursuant to section 195.140.2(2), is forfeitable. Forfeiture of the proceeds of the sale of contraband drugs is not a fine. Thus, such forfeiture is not punitive and the Eighth Amendment is inapplicable. The rebuttable presumption of § 195.140.2(2) that the money was received in exchange of a controlled substance is constitutional. *State ex rel. Cook v. Saynes,* 713 S.W.2d 258, 259 (Mo. banc 1986). "The fact that money is found in close proximity to forfeitable controlled substances furnishes a logical basis for the inference of forfeitability...." *Id.* at 262. The unrebutted presumption places the money on the same level as the "guilty" property listed under section 195.140.2(1).

■ A distinction exists between the direct proceeds of illegal activity, property used to facilitate illegal conduct, and property acquired only in part with illegal proceeds. If the subject property of a statutory forfeiture proceeding is proved to be the proceeds of illegal activity, even by permissible statutory presumption, the state, by statute, has a superior interest in the proceeds than the

---

3. 195.140.2(1) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance, imitation controlled substance or drug paraphernalia in violation of sections 195.010 to 195.320, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used, or intended to be used, to facilitate any violation of sections 195.010 to 195.320 shall be forfeited, except that no property shall be forfeited under this subsection to the extent of the interest of an owner by reason of any act or omission established by him to have been committed without his knowledge or consent.

4. ⸺ U.S. ⸺, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

5. ⸺ U.S. ⸺, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993).

6. The Supreme Court found that the forfeiture as applied against the defendant was a form of monetary punishment and that the Eighth Amendment Excessive Fine Clause applied. The Court remanded the case to the court of appeals to determine whether the forfeiture was excessive.

criminal who has received the proceeds in exchange for a controlled substance. The person who received money in exchange for contraband drugs has no constitutionally protected property interest in the proceeds superior to the state's statutory interest.

When the subject matter of a forfeiture proceeding is more than the proceeds of the illegal activity, assuming *arguendo* that the Excessive Fines Clause applies to the states, an examination of whether the forfeiture is punitive and then whether the forfeiture is excessive is required by the Eighth Amendment. However, when the property to be forfeited is found to be the proceeds of illegal activity, either by unrebutted statutory presumption or by a trier of fact, the forfeiture is not punitive because one who commits a crime has no greater interest in the fruits of the crime than the state, and the Eighth Amendment is not applicable. Mr. Meister did not meet his burden of proof to rebut the presumption in section 195.140.2(2), and therefore, the money is presumed to be ill-gotten proceeds and as such its forfeiture is not an excessive fine.

Mr. Meister's point two is denied. The judgment is affirmed.

All concur.