S94Q1017. THORP et al. v. STATE OF GEORGIA et al.
(450 SE2d 416)

SEARS, Justice.

The appellant, Brenda Thorp, was stopped for a traffic offense and her automobile was impounded. As a result of an inventory of the automobile, cocaine, a set of scales, and several plastic bags were discovered. Thorp pled guilty to possession of the cocaine. Thereafter, civil in rem forfeiture proceedings were initiated against the automobile pursuant to OCGA § 16-13-49. The trial court entered a judgment of forfeiture, and Thorp appealed to the Court of Appeals. The Court of Appeals has now certified the following questions to the Court:

1. Does the prohibition against excessive fines of the Eighth Amendment of the United States Constitution apply to forfeitures effected pursuant to OCGA § 16-13-49?

2. If so, what is the proper test to apply to determine whether a forfeiture is excessive?

3. If a proportionality test must be employed what minimal factors, if any, must be considered and weighed?

4. Is there a difference between the test to be applied in a civil in rem and in an in personam forfeiture action?

5. Did the trial court err in its determination that considering the claimant received a minimal sentence in the criminal case, this forfeiture does not represent an excessive

fine in violation of the Eighth Amendment to the United States Constitution?

1. The prohibition against excessive fines of the Eighth Amendment does apply to civil in rem forfeitures under OCGA § 16-13-49. *Austin v. United States*, 509 U. S. ____ (113 SC 2801, 125 LE2d 488) (1993). Accordingly, we answer the first question in the affirmative.

2. In *Austin*, the Supreme Court declined to establish a test for determining whether an in rem forfeiture is constitutionally excessive. However, Justice Scalia did address "the excessiveness inquiry for statutory in rem forfeitures" in his separate opinion wherein he concurred in part and concurred in the judgment. Justice Scalia rejected any proportionality inquiry regarding the severity of the penalty in relation to the offense and instead adopted a single-factor "instrumentality" test focusing on the relationship of the property to the offense. According to Justice Scalia:

> Unlike monetary fines, statutory in rem forfeitures have traditionally been fixed, not by determining the appropriate value of the penalty in relation to the committed offense, but by determining what property has been "tainted" by unlawful use, to which issue the value of the property is irrelevant. Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal. But an in rem forfeiture goes beyond the traditional limits that the Eighth Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense — the building, for example, in which an isolated drug sale happens to occur. Such a confiscation would be an excessive fine. The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense.
> The relevant inquiry for an excessive forfeiture . . . is the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, "guilty" and hence forfeitable?

(Emphasis in original.) *Austin v. United States*, 113 SC at 2815 (II). Several other courts have adopted Justice Scalia's instrumentality test. See *State v. Meister*, 866 SW2d 485, 488 (II) (Mo. App. 1993); *In re King Properties*, 635 A2d 128, 133 (Pa. 1993); *United States v. Chandler*, 36 F3d 358 (4th Cir. 1994). In fact, in *Chandler*, the court stated that

> the . . . proportionality principle, if it does exist in the Eighth Amendment, derives from the Cruel and Unusual

Punishment Clause and not the Excessive Fines Clause. While the principle of proportionality is traditionally associated with discussions of whether punishment is cruel and unusual . . . , we believe that it is not applicable when considering the excessiveness of a forfeiture of specifically identified property.

*Chandler* at 365.

3. For the reasons that follow, we decline to adopt Justice Scalia's single-factor instrumentality test as the sole test for determining if a forfeiture is excessive. We conclude that other factors relating to proportionality are also relevant.

To begin, regarding Justice Scalia's test, the majority in *Austin* stated that

Justice *SCALIA* suggests that the sole measure of an *in rem* forfeiture's excessiveness is the relationship between the forfeited property and the offense. . . . We do not rule out the possibility that the connection between the property and the offense may be relevant, but our decision today in no way limits the Court of Appeals from considering other factors in determining whether the forfeiture of Austin's property was excessive.

*Austin,* 113 SC at 2812, n. 15.

At a minimum, this footnote represents the majority's refusal to put its imprimatur on Justice Scalia's test. In fact, this footnote appears to disapprove the idea that that test is the only appropriate criteria for determining if a civil forfeiture is excessive. Knowing that the United States Court of Appeals for the Eighth Circuit would have to apply an excessiveness test on remand, the majority stated that the Court of Appeals was not limited to Justice Scalia's test — the relationship between the forfeited property and the offense — but could consider other factors as well.

Further, Justice Scalia's instrumentality test is based on the legal fiction that the property is considered the offender in all in rem forfeiture cases, thus making any inquiry into the defendant's offense or the value of the property irrelevant. See The Supreme Court — Leading Cases, 107 Harv. L. Rev. 144, 209-211 (1993). However, the propriety of this legal fiction has been questioned.

"Legal niceties such as *in rem* and *in personam* mean little to individuals faced with losing important and/or valuable assets." . . . "Such a notion of rights *in rem* is . . . crude and fallacious." . . . "The fiction that property is actually the wrongdoer no longer should be maintained. Property

cannot take any action."

(Citations omitted.) The Supreme Court, 107 Harv. L. Rev. at 212-213, n. 51. In this regard, the majority in *Austin* recognized that civil in rem forfeitures are not predicated solely on the notion that the property is guilty. "[T]he Court has understood this fiction [that the property is the offender] to rest on the notion that the owner who allows his property to become involved in an offense has been negligent." *Austin*, 113 SC at 2809. In fact, the majority in *Austin* predicated the applicability of the excessiveness prohibition on the ground that the forfeiture served to punish the owner. Id. at 2807-2810. In *United States v. 6625 Zumirez Drive*, 845 FSupp. 725, 733 (C. D. Cal. 1994), the court adopted both a proportionality test and Justice Scalia's test, reasoning, in part, that

> Since the claimant is the person punished for the offense, and since an offense cannot occur without some human participation, it would be illogical not to consider relevant the extent of the claimant's involvement in the offense.

With the legal fiction for in rem forfeitures removed, the elements of "a proportionality test . . . become relevant to in rem forfeitures." The Supreme Court, 107 Harv. L. Rev. at 213.

Further, the very word "excessive" plainly contemplates some comparison of the fine to the conduct sought to be punished in order to determine if the fine violates the Eighth Amendment. In this regard, it has been said that "[i]t is difficult to imagine, . . . how a fine could ever be found 'excessive' without some analysis of the relationship between the penalty and the offense for which it is imposed." Bittle, Comment, Punitive Damages and the Eighth Amendment: An Analytical Framework for Determining Excessiveness, 75 Cal. L. Rev. 1433, 1450 (1987). Moreover, in the context of a dissent in a cruel and unusual punishment case, Justice White indicated his view that the word "excessive" implies a proportionality requirement and that such a requirement for the Eighth Amendment might indeed stem from the Excessive Fines Clause and not the Cruel and Unusual Punishments Clause.

> The language of the [Eighth Amendment] does not refer to proportionality in so many words, but it does forbid "excessive" fines, a restraint that suggests that a determination of excessiveness should be based at least in part on whether the fine imposed is disproportionate to the crime committed.

*Harmelin v. Michigan*, 501 U. S. 957, 1009 (111 SC 2680, 2709, 115 LE2d 836) (1991). In a similar vein, the Supreme Court has "recog-

nized that the word 'excessive' prohibits a lack of proportion between the amount of bail and the risk of a defendant's flight." The Supreme Court, 107 Harv. L. Rev. at 211 (citing to *Stack v. Boyle*, 342 U. S. 1, 5-6 (77 SC 1, 96 LE 3) (1951)).

In addition, although *Alexander v. United States*, 509 U. S. ____ (113 SC 2766, 2775-2776, 125 LE2d 441) (1993), involved a criminal in personam forfeiture, it supports the conclusion that the word "excessive" connotes a proportionality review. In that case, Alexander argued that

the forfeiture . . . — considered atop his 6-year prison term and his $100,000 fine — [was] disproportionate to the gravity of his offenses and therefore violate[d] the Eighth Amendment, either as a "cruel and unusual punishment" or as an "excessive fine."

Id. at 2775. The federal circuit court had ruled that a proportionality review of the forfeiture did not have to be conducted because a proportionality review was not necessary for a "sentence less than life imprisonment without the possibility of parole." The Supreme Court ruled that that statement only was relevant to the Eighth Amendment's prohibition against cruel and unusual punishments but not the prohibition against excessive fines. Id. at 2775. It further stated that

[i]t is in the light of the extensive criminal activities which petitioner apparently conducted . . . over a substantial period of time that the question of whether or not the forfeiture was "excessive" must be considered.

Id. at 2776. The Court remanded the case to the circuit court to consider Alexander's argument. If proportionality was not required by the Excessive Fines Clause, then the proper disposition of the case would have been to affirm the circuit court as to Alexander's proportionality contention. Moreover, the court's statement that the proper inquiry had to focus on the extent of Alexander's criminal activities indicates that a proportionality review was appropriate.

Finally, there is more reason to apply a proportionality analysis in forfeiture cases than in punishment cases because in the former the government stands to benefit from the revenue raised whereas in the latter the government must bear the expense of the imprisonment. See *Harmelin v. Michigan*, 111 SC at 2693, n. 9 (Scalia, J.).

For these reasons, various courts have concluded that a proportionality analysis is necessary to determine whether an in rem forfeiture is excessive. See, e.g., *United States v. RR #1, Box 224*, 14 F3d 864, 873 (3rd Cir. 1994); *United States v. One Parcel of Real Property*, 27 F3d 327, 330 (8th Cir. 1994); *United States v. 6625 Zumirez*

*Drive,* supra; *United States v. 429 S. Main St.,* 843 FSupp. 337, 341 (S.D. Ohio 1993); *People ex rel. Waller v. 1992 Oldsmobile,* 638 NE2d 373 (Ill. App. 1994); *United States v. One Single Family Residence,* 13 F3d 1493, 1498 (11th Cir. 1994); *United States v. 11869 Westshore Drive,* 848 FSupp. 107, 110-111 (E.D. Mich. 1994); *United States v. 24124 Lemay St.,* 857 FSupp. 1373 (C.D. Cal. 1994). Significantly, some of the courts to consider the question have not rejected Justice Scalia's instrumentality test but have retained it as a factor to consider along with the proportionality analysis. E.g., *6625 Zumirez Drive,* 845 FSupp. 725; *11869 Westshore Drive,* 848 FSupp. at 110-111; *24124 Lemay St.,* 857 FSupp. 1373. We find these latter cases persuasive, particularly the thorough discussion in *6625 Zumirez Drive.*

In that case, the court fashioned a three-factor analysis for evaluating whether a forfeiture is excessive. The first factor requires a consideration of the inherent gravity of the offense compared with the harshness of the penalty. Under this factor,

> [i]n evaluating the harshness of the penalty imposed, the court must not only consider the monetary value of the property forfeited, but also the intangible value of the particular type of property involved. [For example,] [s]ociety and the courts place a higher value on real property, in particular the home, than on personal property. In a recent forfeiture decision, the Supreme Court affirmed the essential principle that "[i]ndividual freedom finds tangible expression in property rights. At stake in this and many other forfeiture cases are the security and privacy of the home and those who take shelter within it. *United States v. James Daniel Good Real Property,* ＿＿ U. S. ＿＿, 114 S.Ct. 492, 505, 126 L.Ed.2d 490 (1993)."

*6625 Zumirez Drive,* 845 FSupp. at 734. Accord *24124 Lemay St.,* 857 FSupp. at 1381 (adopting and discussing the three-part test set forth in *6625 Zumirez Drive*); *United States v. One Parcel of Real Property,* 27 F3d at 330 (setting forth similar factors to consider in a proportionality test).

The second factor of the *6625 Zumirez Drive* analysis is the same as Justice Scalia's instrumentality test and evaluates whether the property was close enough to the offense to render it "guilty." *6625 Zumirez Drive,* 845 FSupp. at 734. Accord *24124 Lemay St.,* 857 FSupp. at 1381-1382.

The third part of the analysis is "whether the criminal activity involving the defendant property was extensive in terms of time and/ or spatial use." *6625 Zumirez Drive,* 845 FSupp. at 734-735. This fac-

tor is an extension of the second and is derived from excessiveness analysis in criminal in personam forfeitures. Id. at 734-735, 738; *124 Lemay St.*, 857 FSupp. at 1382-1383. "To the extent that the property is integral to the criminal activity, the Court also considers the time period over which the property was used, and the spatial use of the property." *6625 Zumirez Drive*, 845 FSupp. at 738.

We conclude that an evaluation of these three general factors well serves the scrutiny demanded by the Excessive Fines Clause, and adopt them as minimal guidelines for excessiveness inquiries in this State, thus answering the second and third questions certified by our Court of Appeals.[1]

4. As the present case concerns a civil in rem forfeiture and not a criminal in personam forfeiture, and as we have set forth the appropriate guidelines to consider in reviewing a civil in rem forfeiture, we find it unnecessary to answer the fourth certified question.

5. Question 5, which asks whether the trial court erred in determining that this in rem forfeiture was not constitutionally excessive, was improperly certified and cannot be answered. *Womack v. U. S. Fid. &c. Co.*, 208 Ga. 717 (69 SE2d 188) (1952).

*Certified questions answered. All the Justices concur, except Carley and Thompson, JJ., who concur in part and dissent in part.*

CARLEY, Justice, concurring in part and dissenting in part.

I agree that the prohibition against excessive fines of the Eighth Amendment does apply to in rem forfeitures effected pursuant to OCGA § 16-13-49. *Austin v. United States*, 509 U. S. \_\_\_\_ (113 SC 2801, 125 LE2d 488) (1993). Accordingly, I concur in the majority's affirmative answer to the first certified question. I also concur in the majority's responses to the fourth and fifth certified questions. I do not, however, agree that the proportionality test is the proper test to apply in determining constitutional excessiveness and must, therefore, respectfully dissent to the majority's answers to the second and third certified questions.

In *Austin*, the Supreme Court specifically declined to establish a test for determining whether an in rem forfeiture is constitutionally

---

[1] Although we adopt these guidelines as the minimal inquiries that must now be made under an excessiveness analysis, we by no means intend to limit trial courts or our Court of Appeals from exploring other guidelines that might possibly be appropriate as inquiries. Moreover, having adopted a three-part analysis for determining if a forfeiture is excessive, it will be the responsibility of lower courts to apply that analysis to the facts of each particular case and to determine how the facts of each case weigh in the analysis. For instance, a court might conclude that the offense of a defendant who did not stop his son from occasionally selling drugs to his high school classmates from the defendant's home might not be as severe as a defendant who permitted a drug cartel to distribute drugs from his home. We cannot attempt in this opinion to foretell the different facts that might arise and how they should weigh in the analysis. That will have to await a case-by-case determination.

excessive. Thus, there is no controlling authority on this issue and resolution is, therefore, dependent upon consideration of persuasive authority.

In *Austin*, 113 SC at 2813, Justice Scalia did address "the excessiveness inquiry for statutory in rem forfeitures" in his separate opinion wherein he concurred in part and concurred in the judgment. According to Justice Scalia:

> Unlike monetary fines, statutory *in rem* forfeitures have traditionally been fixed, not by determining the appropriate value of the penalty in relation to the committed offense, but by determining what property has been "tainted" by unlawful use, to which issue the value of the property is irrelevant. Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal. But an *in rem* forfeiture goes beyond the traditional limits that the Eighth Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense — the building, for example, in which an isolated drug sale happens to occur. Such a confiscation would be an excessive fine. The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense. . . . The relevant inquiry for an excessive forfeiture . . . is the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, "guilty" and hence forfeitable?

(Emphasis in original.) *Austin v. United States*, 113 SC at 2815 (II).

Subsequent to *Austin*, several states have determined that this "traditional standards" test is the proper one to apply to determine whether an in rem forfeiture is constitutionally excessive. See *State v. Meister*, 866 SW2d 485, 488 (II) (Mo. App. 1993); *In re King Properties*, 635 A2d 128, 133 (Pa. 1993). Under this interpretation of the scope of the protection afforded by the Eighth Amendment, the constitutional prohibition against "excessive fines" would not attach to an in rem forfeiture which otherwise is limited to property that was "tainted" by unlawful use or had "a close enough relationship to the offense." See *State of Ga. v. Wilbanks*, 208 Ga. App. 422 (430 SE2d 668) (1993). Thus, an in rem forfeiture may constitute a "fine," but it is not constitutionally "excessive" so long as the only property forfeited was "tainted" by unlawful use or had a "close enough relationship to the offense."

Subsequent to *Austin*, some courts have adopted a "proportionality" test. In my opinion, however, the fundamental error in those

cases which reject the "traditional standards" test and adopt the "proportionality" test recently has been recognized in *United States v. Chandler*, ___ F3d ___ (4th Cir. 1994):

> [T]he . . . proportionality principle, if it does exist in the Eighth Amendment, derives from the Cruel and Unusual Punishment Clause and not the Excessive Fines Clause. While the principle of proportionality is traditionally associated with discussions of whether punishment is cruel and unusual, we believe that it is not applicable when considering the excessiveness of specifically identified property.

Thus, the "traditional standards" test, unlike the "proportionality" test, is firmly founded upon stare decisis. As is evidenced by its very nomenclature, the sole focus of an in rem forfeiture should be upon the objective "guilt" of the property *itself*, rather than upon such subjective "guidelines" as the majority acknowledges to be innumerable. The "proportionality" test adopted by the majority is, in fact, no test at all, but sets an uncharted course which the litigants and the courts now are required to navigate without any degree of certainty. Finding no compelling reason to deviate from established legal principles, I would adopt the "traditional standards" test as the proper test for determining the constitutional excessiveness of an in rem forfeiture effected pursuant to OCGA § 16-13-49. Therefore, I dissent.

I am authorized to state that Justice Thompson joins in this opinion.

DECIDED DECEMBER 5, 1994.

*Cory G. Begner,* for appellants.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Vivian D. Hoard, Assistant District Attorneys,* for appellees.