A96A1628. STATE OF GEORGIA v. EVANS et al.
(484 SE2d 70)

POPE, Presiding Judge.

The State filed an in rem forfeiture complaint pursuant to OCGA § 16-13-49 against 5.1 acres of land, including a house, owned by Sara Augusta Evans and James Danny Gaddis. The complaint was filed after police discovered twenty-four marijuana plants growing in a small corner of a garden on the land and ten plants growing in a closet inside the house. In their answer, Evans and Gaddis claimed that the forfeiture of their property would constitute an excessive fine under the Eighth Amendment to the United States Constitution. The trial court rejected Evans and Gaddis' claim, and after determining that the property was used to facilitate the manufacture and growing of marijuana, forfeited the property in its entirety to the State. We affirmed the forfeiture. *Evans v. State*, 214 Ga. App. 844 (449 SE2d 302) (1994).

On certiorari the Supreme Court of Georgia ordered that the case be remanded to us for consideration in light of its decision in *Thorp v. State*, 264 Ga. 712 (450 SE2d 416) (1994), which was decided after our affirmance of the forfeiture. Thereafter, we remanded the case to the trial court to allow it to conduct a post-trial hearing to determine the Eighth Amendment issue in light of *Thorp*. *Evans v. State*, 217 Ga. App. 646 (458 SE2d 859) (1995). The trial court determined on remand that the forfeiture was excessive under a *Thorp*

analysis, and as a result, vacated the forfeiture. In doing so, the State contends the trial court committed reversible error. Finding no merit to this contention, we affirm.

In *Thorp*, the Supreme Court of Georgia fashioned a three-factor analysis for determining whether a forfeiture is constitutionally excessive. 264 Ga. at 717. "Proper application of the[] factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous." (Citations omitted.) *Rabern v. State*, 221 Ga. App. 874, 878 (4) (473 SE2d 547) (1996).

Under the first of the factors, a trial court should consider the inherent gravity of the offense and compare it to the harshness of the penalty of the forfeiture. *Thorp*, 264 Ga. at 717. In determining the harshness of the penalty, a trial court is bound to consider not only the monetary value of the property to be forfeited, "but also the intangible value of the particular type of property involved." (Citation omitted.) Id. In this case, the trial court determined that the monetary value of the property in question was $65,000. Its intangible value, however, was far greater as is demonstrated by the trial court's acknowledgment that the property constituted Evans and Gaddis' home, and that "society and the courts place a higher value on real property, in particular the home, than on personal property." (Citation omitted.) Id.

The trial court then compared the relative harshness that would result from the forfeiture, as represented by the loss Evans and Gaddis would suffer based on the property's monetary and intangible value, to the gravity of the offense, as demonstrated by the value of the illegal activity to Evans and Gaddis. In doing so, it referenced the lack of evidence that Evans and Gaddis had ever sold or profited from selling any marijuana grown on the property or otherwise, and the lack of evidence that any of the property had been purchased pursuant to the illegal activity. It also found that the amount of marijuana seized was only 8.8 ounces, or slightly over one-half pound, and that this weight represented the "wet weight" of all 34 plants. It is undisputed that the wet weight of an entire plant includes both the usable and unusable portions of the plant, and it represents the weight of a plant before it has been dried, which is typically the state in which marijuana is sold. Based on the weight of the marijuana and the fact that the domestic price of marijuana at the time ranged from $1,000 to $3,000 per pound, the trial court concluded the value of the confiscated marijuana was only approximately $500 to $1,500. Thus, the value of the criminal activity to Evans and Gaddis was substantially lower than the value of the property they stood to lose by way of forfeiture. And while the State argues that the marijuana

should have been valued in excess of $70,000 based on its expert's testimony regarding the potential value of the plants if they had been allowed to grow to maturity, the trial court, as the trier of fact in the case, was authorized to reject such testimony as speculative. See *Neal v. State*, 160 Ga. App. 498, 504 (5) (287 SE2d 399) (1981).

In light of the above, and the fact that Evans and Gaddis were charged with, and pled guilty only to, possessing and manufacturing marijuana, for which they each received a $1,000 probationary fine, we find no abuse of discretion in the trial court's determination that the first factor of the *Thorp* analysis weighed in favor of Evans and Gaddis' contention that forfeiture of their property would constitute an excessive fine.

Under the second and third of the *Thorp* factors, the trial court was required to consider the closeness of the property to the criminal activity and whether such closeness was sufficient to render the property itself "guilty," as well as "whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use." (Citations omitted.) *Thorp*, 264 Ga. at 717. Upon review, we conclude that the trial court did not commit reversible error in determining that analysis of the case under these two factors also weighed in favor of the conclusion that forfeiture of the property would be an excessive fine.

In reaching its determination, the trial court pointed to the fact that there was no evidence that any marijuana had ever been grown on the property prior to the incident in question or that the property had ever been used as a location for the sale of marijuana. Nor was there evidence that Evans and Gaddis ever paid for any of the property or improvements made thereto by selling marijuana grown on the property or elsewhere. Based on the above, and the undisputed fact that the plants recovered from the property were not mature and were found only on a small portion of the property, it cannot be said as a matter of law that the criminal activity involving the property was extensive in terms of time or spatial use. And while it is clear a small portion of the property was used to grow marijuana, under the facts and circumstances presented here, it also cannot be said as a matter of law that such use of a portion of the property was sufficient to find the entire property "guilty," and thus subject it to forfeiture.

In conclusion, we note that when a trial court determines that a forfeiture is excessive, as it did here, it should try and mitigate the forfeiture to bring it within constitutional bounds. We must, however, give great deference to a trial court's conclusions as to whether such mitigation is practicable. In the instant case, the trial court expressly found that under the circumstances mitigation of the forfeiture was not practicable. We find no error in this finding, especially when we consider the limited extent of the tainted portion of

the property involved and the difficulties posed by attempting to divide that portion from the remainder, as well as the inequities that would arise under the facts of this case in requiring Evans and Gaddis to sell their home in order for the State to collect the proceeds of such a sale attributable to the tainted portion of the property. Accordingly, we affirm the trial court's decision to vacate the forfeiture.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 12, 1997.

*Garry T. Moss, District Attorney, Thomas W. Hayes, Gary D. Bergman*, for appellant.

*Garland, Samuel & Loeb, Donald F. Samuel*, for appellees.