## A99A1846. RABERN v. STATE OF GEORGIA.
(531 SE2d 373)

PHIPPS, Judge.

After police discovered 450 marijuana plants, each three inches in height, growing in a shed attached to John Wesley Rabern's house, the State instituted an in rem forfeiture proceeding against the residence and the 5.2 acres of land upon which it stood.[1] After a bench trial, the trial court found that the property was used to manufacture and store marijuana for distribution and ordered the property forfeited. Because the trial court failed to apply the three-factor analysis adopted by our Supreme Court in *Thorp v. State of Ga.*,[2] we vacated its decision and remanded the case with instructions to conduct a posttrial hearing to determine whether the forfeiture violated the Eighth Amendment's Excessive Fines Clause.[3]

After a hearing, the trial court determined that

(1) the property was being used to grow marijuana, (2) the property's use was extensive and sufficiently close to the crime involved to render the property "guilty," and (3) the forfeiture's harshness was not excessive in comparison with the gravity of the offense.

The trial court ordered the property forfeited in its entirety. Rabern appeals, contending, among other things, that the forfeiture amounted to an excessive fine within the meaning of the Eighth Amendment to the U. S. Constitution.

*Thorp*[4] adopted the three-factor analysis proposed in *United States v. 6625 Zumirez Drive*,[5] as the minimal inquiry for analyzing a claim under the excessive fines provision of the Eighth Amendment.[6] The factors are: (1) the inherent gravity of the offense, as compared with the harshness of the penalty; (2) whether the property seized was close enough to the offense to render it "guilty"; and (3) whether the criminal activity involving the property seized was extensive in terms of time and space.[7] Proper application of these factors requires the trial court to make certain mixed findings of law and fact.[8] Normally a trial court's findings of fact as to these matters must be

---

[1] See OCGA § 16-13-49.

[2] 264 Ga. 712 (450 SE2d 416) (1994).

[3] See *Rabern v. State of Ga.*, 221 Ga. App. 874, 878 (4) (473 SE2d 547) (1996); *Rabern v. State of Ga.*, 231 Ga. App. 84-85 (1) (497 SE2d 631) (1998).

[4] Supra, 264 Ga. at 714-718 (3).

[5] 845 FSupp. 725 (C. D. Cal. 1994).

[6] *Thorp*, supra, 264 Ga. at 717-718 (3).

[7] Id.

[8] *State of Ga. v. Evans*, 225 Ga. App. 402, 403 (484 SE2d 70) (1997).

accepted by an appellate court unless clearly erroneous.[9] Because we find that the trial court's findings were not supported by the evidence, we find that its determination that Rabern's forfeiture was not excessive was clearly erroneous, and therefore, we reverse.

1. The evidence, evaluated under the three-factor *Thorp*[10] analysis, was insufficient to show that the forfeiture of Rabern's home, including the surrounding 5.2 acres, was not excessive.

(a) The inherent gravity prong of the first factor considers the culpability.[11] Rabern was convicted of manufacturing marijuana. Part of the inherent gravity of Rabern's offense is that the marijuana presumably would have been sold.[12] The trial court's order stated that "the contraband at 'full maturity' [would be] worth as much as $1,000,000 after cloning procedures were used to reproduce said marijuana." But there was no evidence that Rabern had actually reproduced any of the plants by cloning or that the three-inch plants were at "full maturity." Moreover, the number of plants that might have reached full maturity and the street value of the marijuana at that time are speculative. The trial court's finding of $1,000,000 worth of marijuana sold is not supported by the evidence.

The second prong of the first factor evaluates the harshness of the penalty imposed. The trial court forfeited Rabern's family residence, including the surrounding 5.2 acres. Consideration must be given not only to the monetary value of the property forfeited, but also to the intangible value of the type of property, particularly in the case of a home.[13] At stake here are the security and privacy of Rabern's home and of those who take shelter within it.[14] The trial court determined that Rabern's property was worth $70,000 and then ruled that "[i]f the property is sold and the money the property brings exceeds $57,000 then any overage shall be paid to the condemnees." Essentially, that order provided only that the State would receive up to $57,000 in proceeds but failed to give due consideration to Rabern's remaining interest in the property. Thus the forfeiture was done without sufficient regard for the proportionality inquiry specifically adopted in and required by *Thorp*.[15]

---

[9] Id.

[10] Supra, 264 Ga. at 714-718 (3).

[11] *6625 Zumirez Drive*, supra, 845 FSupp. at 733.

[12] See *Rabern*, supra, 221 Ga. App. at 877 (3) (court determined "the sheer number of marijuana plants, coupled with the other evidence, demonstrate[d] that the property was being used to facilitate a marijuana sale") (emphasis omitted).

[13] *Thorp*, supra, 264 Ga. at 717 (3).

[14] Id.

[15] See id. at 713-718 (2), (3) (the court notes particular importance in applying the proportionality analysis in forfeiture cases because the government stands to benefit from the revenue raised, and the court expressly refuses to adopt the "instrumentality test" as the only appropriate criterion for determining whether a civil forfeiture is excessive).

(b) The second factor, which focuses on the relationship between the property and the offense, evaluates whether the property was close enough to the offense to render the property guilty.[16] The evidence shows that the shed housed the marijuana plants, but there is no other link between the property and illegal activity. There is no evidence that Rabern used any money derived from illegal sources to purchase the property. There is no evidence that the marijuana had produced revenue which enabled Rabern to conduct an illegal enterprise on the property. And there is no evidence that Rabern used the living area of the family home or the surrounding acres for illegal activities.

(c) The third factor considers whether the criminal activity involving the property was extensive in terms of time and/or spatial use. A confidential informant, who had been arrested in Troup County for involvement with an indoor marijuana grove, told a Georgia Bureau of Investigation agent that he had been assisting Rabern in a cloning operation involving approximately 1,000 plants. Within two days of receiving the information, the agent executed a search warrant and discovered Rabern's 450 plants. The record contains no evidence which purports to show a period of time during which marijuana plants were cloned nor proof that cloning occurred on Rabern's property, which he had owned since 1988.

GBI agents found all 450 plants growing inside the 10-foot by 12-foot shed. Although the shed was attached to the rear of the residence and a window between the shed and the residence provided "an opening from the ground level floor of the residence to [the shed]," the shed also had a separate outside entrance and was not a part of the living area of the home.

The land around the house was heavily wooded, and a GBI agent testified that the trend in illegal marijuana production was to plant no more than two or three plants in one particular plot and to widely scatter them out in a wooded area to conceal their locations. He further testified that Rabern's acreage would have provided sufficient area for the plants to grow to maturity. A police officer, who was responsible for assisting in the search outside the house, noticed several trails leading into the wooded areas. He testified that it appeared that some livestock had lived on the property. However, the search of the wooded areas revealed no marijuana plants. The record contains no evidence that marijuana was found anywhere except inside the shed.

A finding that a portion of real property was used to facilitate drug activities does not make the entire tract of land contraband sub-

---

[16] Id. at 713-714 (2), 717 (3).

ject to forfeiture, unless "[a]ll property [was] directly or indirectly, used or intended for use in any manner to facilitate a violation of [the Georgia Controlled Substances Act]."[17] Here, the trial court determined that Rabern's property, in its entirety, should be forfeited. But we find that the trial court's determination was clearly erroneous, because the evidence, evaluated under the "minimal guidelines for excessiveness inquiries in this State,"[18] as adopted in *Thorp*, fails to show that the forfeiture was not excessive.

2. Because of our holding in Division 1, we need not address Rabern's remaining enumerations.

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000.

*James P. Brown, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.

---

[17] See OCGA § 16-13-49 (d) (2).
[18] *Thorp*, supra, 264 Ga. at 718 (3).